UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTOS DAMIAN ARGUETA-
ZALDIVAR,

    Petitioner,

v.                              Case No:  2:16-cv-518-FtM-29MRM
                                   Case No. 2:11-CR-91-FTM-29MRM
UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter came before the Court on petitioner's Emergency "Mail Box" Filing (Cv. Doc. #1; Cr. Doc. #49)[1] dated June 24, 2016, and filed on June 27, 2016, seeking to file a motion under 28 U.S.C. § 2255.  The Court deemed the filing to be a motion under 28 U.S.C. § 2255 as of June 24, 2016, and allowed petitioner to file the motion on the proper form.  (Cv. Doc. #3.)  Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #6; Cr. Doc. #50) and Supplemental Memorandum of Law (Cv. Doc. #7; Cr. Doc. #51) were filed on July 19, 2016.  The government filed a Response (Cv. Doc. #9) on September 12, 2016.

---

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

**I.**

On September 14, 2011, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging petitioner with illegal reentry into the United States after having been convicted of an aggravated felony offense in Nevada (the attempted sale of a controlled substance), and after having been deported on or about February 12, 2003, in violation of 8 U.S.C. § 1326(a) and (b)(2). On August 1, 2012, petitioner pleaded guilty to the charge. (Cr. Docs. #26, 28.)

A Presentence Report (PSR) was prepared, and a sentencing hearing was held on October 29, 2012. (Cr. Doc. #33.) Petitioner was sentenced under the 2011 United States Sentencing Guidelines (USSG) (PSR at ¶ 20), so the Court will refer to the Sentencing Guidelines as they were written at that time. At the sentencing hearing there were no objections to the facts set forth in the PSR, or to the application of the Sentencing Guidelines. (Cr. Doc. #40, p. 4.)[1]

---

[1] "Facts contained in a PSI are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity. [ ] It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes and precludes the argument that there was error in them. [ ] Indeed, the defendant's failure to object to conclusory statements in the PSI renders those statements undisputed and permits the sentencing court to rely upon them without error even if there is an absence of supporting evidence." United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009) (internal citations omitted).

Pursuant to USSG § 2L1.2(a) (2011), petitioner was assigned a Base Offense Level of 8 for the offense of conviction. (PSR ¶¶ 20-21.) This Base Offense Level was enhanced by 16 levels pursuant to § 2L1.2(b)(1)(A)(i) & (ii), which provide:

> If the defendant previously was deported, or unlawfully remained in the United States, after—
>
> (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; . . . increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points; . . .

USSG § 2L1.2(b)(1)(A) (2011). The Presentence Report found that two prior convictions independently supported a 16-level increase: (1) a drug trafficking offense for which the sentence imposed exceeded 13 months, i.e., petitioner's 1998 conviction for Attempted Sale of a Controlled Substance in Clark County, Nevada (PSR ¶ 22); and (2) a 1999 conviction for Assault With a Deadly Weapon, Great Bodily Injury Likely, in Sacramento, California, which constituted a crime of violence. (PSR ¶ 22.) A second count of attempted murder was dismissed in the California case and was not considered. (Id. at ¶ 36.) Petitioner received criminal history points under Chapter 4 of the Guidelines for both of these prior convictions. (Id. at ¶ 22.)

Based upon either of these prior convictions, the resulting Adjusted Offense Level was 24. (Id. at ¶ 26). Three levels were subtracted based upon petitioner's acceptance of responsibility (id. at ¶¶ 27-28), resulting in a Total Offense Level of 21 (id. at ¶ 29). With a Total Offense Level of 21, and a criminal history category of VI[2], the resulting range of imprisonment was 77 to 96 months. (PSR ¶ 84.) The Court sentenced petitioner to a term of imprisonment of 84 months, followed by a term of supervised release. (Cr. Doc. #33.) Judgment (Cr. Doc. #34) was filed on October 30, 2012.

Petitioner appealed his sentence, and on June 6, 2013, the Eleventh Circuit affirmed the sentence. United States v. Argueta-Zaldivar, 521 F. App'x 834 (11th Cir. 2013); Cr. Doc. #47. Petitioner did not seek certiorari review.

## II.

Petitioner raises only one issue in his § 2255 Motion and Supplemental Memorandum. Petitioner asserts that his sentence was improperly enhanced based upon a prior conviction which can no longer be considered a crime of violence in light of Johnson v. United States, 135 S. Ct. 2551 (2015), which was made retroactive

---

[2] Petitioner had a criminal history score of 11, and two additional points were added because the offense in this case was committed while petitioner was under a criminal justice sentence. This resulted in a Criminal History Category of VI. (PSR, ¶¶ 35-48.)

to cases on collateral review by <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016). (Cv. Doc. #6, p. 4; Doc. #7, pp. 1, 3.) In <u>Johnson</u>, the United States Supreme Court held that the Armed Career Criminal Act's (ACCA) residual clause is unconstitutionally vague. Although the ACCA was not involved in Petitioner's sentencing, petitioner argues that the use of his 1999 California conviction for *attempted* second degree murder was improper because it is not a crime of violence under 18 U.S.C. § 16, which contains a definition which is substantially the same as the ACCA residual clause. (Cv. Doc. #6, p. 4; Cv. Doc. #7, pp. 2-3.) Petitioner further assert that his motion is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of <u>Johnson</u> (decided June 26, 2015). (Cv. Doc. #6, p. 11.) Petitioner seeks to be re-sentenced without the enhancement. (Cv. Doc. #6, p. 12; Doc. #7, p. 3.)

Even if the petition was timely and not procedurally defaulted, petitioner is not entitled to the relief he seeks for several reasons. First, petitioner does not challenge the use of his prior drug trafficking conviction to enhance the Sentencing Guidelines calculation (Cv. Doc. #7, p. 2). This conviction alone supports the 16-level enhancement. Second, petitioner is factually incorrect as to the crime which was also used to enhance the Sentencing Guidelines calculation. The attempted murder charge in California had not resulted in a conviction, and was not

used to enhance petitioner's Sentencing Guidelines calculation. Third, contrary to petitioner's belief (Doc. #7, pp. 2-3), Petitioner was not given two 8 level enhancements, but a single 16 level enhancement which was independently supported by either of the two prior convictions. (PSR ¶ 22.) Fourth, the California offense upon which the enhancement was based was Assault With a Deadly Weapon, Great Bodily Injury Likely. This offense is clearly a crime of violence under California precedent.[3] <u>United States v. Grajeda</u>, 581 F.3d 1186, 1197 (9th Cir. 2009) ("cases holding that a crime is categorically a crime of violence under the element prongs of the § 2L1.2(b) and § 16(a) definitions are mutually binding"). <u>See also</u> <u>United States v. Duran-Garcia</u>, 432 F. App'x 850, 852 (11th Cir. 2011) (finding that because the California Penal Code requires the use of a firearm, the conviction

---

[3] A "crime of violence" was defined at the time as:

> any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

USSG § 2L1.2 cmt. n.1(B)(iii) (2011).

qualifies as a crime of violence under USSG § 2L1.2(b)(1)(A)(ii)); United States v. Santos-Santos, 463 F. App'x 728, 732 (11th Cir. 2011) (citing Grajeda); United States v. Flores, 508 F. App'x 864, 866 (11th Cir. 2013) (noting that assault with a deadly weapon in California is a crime of violence). Fifth, petitioner is incorrect in stating that he had to be sentenced under USSG § 2L1.2(b)(1)(C), and that the definition of "crime of violence" under 18 U.S.C. § 16, which is a listed "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F), was utilized. (Cv. Doc. #7, pp. 4-7.) The "aggravated felony" enhancement under § 2L1.2(b)(1)(C)[4] was not utilized at all in the calculation of the enhancement to petitioner's sentence. (PSR, ¶¶ 20-30.) Finally, the enhancement in this case involved the applicable Sentencing Guidelines, and the Sentencing Guidelines are not subject to a Johnson constitutional challenge for vagueness. Beckles v. United States, 137 S. Ct. 886 (2017).

"The § 2255(f) statute of limitations requires a claim-by-claim approach to determine timeliness." Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (citations omitted). Having considered each claim, the Court finds that petitioner failed to

---

[4] The constitutionality of this subsection has been called into question, and is currently before the United States Supreme Court. Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), cert. granted, 137 S. Ct. 31 (2016).

carry his burden of proving that his sentencing enhancement was imposed because of the residual clause. Beeman, 871 F.3d at 1221 (concluding that a Johnson claimant must prove his claim). As such, Johnson did not extend petitioner's statute of limitations, and the petition in this case is untimely. Alternatively, the petition is denied as without merit.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #6; Cr. Doc. #50) is **DISMISSED WITHOUT PREJUDICE** as untimely, or in the alternative, is **DENIED** on the merits.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of December, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA